■ In the Matter of the Claim of LAWRENCE HOLLEY et al., Respondents, v. GAC SUPER PRODUCTIONS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the employer and its carrier from a decision and award by the Workmen's Compensation Board of death benefits to the parents of a deceased employee. Charles Buddy Holly, a 22-year-old musician and entertainer, was killed on February 3, 1959 in the crash of an airplane which he had rented to take his band on a series of one-night engagements. A claim for death benefits by his widow eventuated in an award to her. Decedent's parents also made a claim based on dependency and it is from a decision finding such dependency and an award based thereon that the instant appeal is brought. Appellants first assert that there is no substantial evidence to support the finding of dependency. The claimant parents testified, however, that among other contributions to their maintenance the decedent paid roughly 85% of their routine household expenses, bought them a car at Christmas and paid the

expenses of his mother's hospitalization for two knee injuries. This testimony of financial support is corroborated both by decedent's widow and his personal manager. On the basis of the evidence present in the record the board could in the exercise of its fact-finding power properly find dependency (e.g., *Matter of Holloway* v. *Camp Hatikvah*, 14 A D 2d 638). The board was not compelled, as suggested by appellants, to find that claimants were, instead, being remunerated for services rendered to their son. Appellants also assert that because no itemized family budget was introduced there is a failure of substantial proof that either of the parents was detrimentally affected by decedent's death. The record, however, reveals that except for extremely minimal earnings by the father the entire income of the family unit came from the decedent. On this state of the record it was "reasonable for the board to infer from the paucity of the family income that the family was detrimentally affected by the loss of decedent's contribution" (*Matter of Markidis* v. *American Airlines*, 21 A D 2d 927). Finally we find no merit in appellants' claim that any award should be computed commencing as of October, 1962 on the grounds that the claimants' share of decedent's estate was adequate to postpone dependency until that date (Workmen's Compensation Law, § 16, subd. 4; § 30). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.